IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH COTTON, on behalf of himself and others similarly situated,<br>      Plaintiff,<br>  v.<br>UNITED PARCEL SERVICE, INC.,<br>      Defendant. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS ACTION

Joseph Cotton ("Plaintiff") brings this class action lawsuit against United Parcel Service, Inc. ("Defendant"), seeking all available relief under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL") for failure to pay overtime for all hours worked in excess of 40 hours per week.  He alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332(d) because (i) Plaintiff and members of the proposed class are citizens of states different from that of Defendant; (ii) there are over 100 members in the proposed class; (iii) Defendant is subject to personal jurisdiction in New Jersey; and (iv) the aggregate damages sought on behalf of Plaintiff and the putative class exceeds $5 million.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff resides in Winslow Township, New Jersey and works for Defendant in Lawnside, New Jersey.

4. Defendant is a corporation incorporated in Ohio and maintaining a principal place

of business in Georgia.

**FACTS**

5. Defendant is one of the world's largest package delivery companies. Defendant does business in the industry of personal delivery services and the supply chain industry.

6. Defendant operates distribution hubs – specific centers of business that oversee and manage deliveries – located in New Jersey (collectively "the New Jersey Warehouses") from which it receives and ships packages that are ultimately delivered to its customers and final destinations.

7. Most employees at the New Jersey warehouses are classified as non-exempt and are paid an hourly wage ("New Jersey Warehouse Workers.")

8. Plaintiff has been employed by Defendant as a New Jersey Warehouse Worker from approximately September 1998 to present. Plaintiff primarily works at the New Jersey warehouse located in Lawnside, New Jersey ("the Lawnside Warehouse").

9. Defendant has similar facilities to the Lawnside Warehouse throughout New Jersey.

10. Defendant's New Jersey Warehouses are physically large spaces.

11. New Jersey Warehouse Workers are not paid for all time that they are required to be at their place of work or on duty before and after their scheduled shifts in weeks when they work more than forty hours per week, as required by New Jersey law.

12. Before and after their scheduled shifts, New Jersey Warehouse Workers are required to be at their place of work undergoing mandatory procedures – namely, undergoing a security check and walking to the designated reporting areas, and walking from the designated reporting areas and back through the security check (the "Mandatory Procedures").

13. Prior to entering the New Jersey Warehouses and before leaving the New Jersey Warehouses, New Jersey Warehouse Workers are required to undergo the Mandatory Procedures.

14. New Jersey Warehouse Workers can spend time waiting to undergo the Mandatory Procedures.

15. Upon information and belief, the time spent undergoing the Mandatory Procedures occurs before and after the time at which New Jersey warehouse employees are paid, and such time is uncompensated.

16. The Mandatory Procedures are for the benefit of Defendant and its business.

17. Defendant's New Jersey Warehouse Workers often work 40 or more hours per week.

18. Plaintiff specifically recalls regularly working more than forty hours per week. For example, during the pay period of July 16 through July 22, 2023, Plaintiff was credited with working more than 40 hours.

19. Based on information and belief, Defendant employs thousands of New Jersey Warehouse Workers throughout New Jersey.

20. The total amount of uncompensated time New Jersey Warehouse Workers spend undergoing the Mandatory Procedures is not insignificant for these workers, who work for hourly wages; and in the aggregate, Defendant saves significant sums of money by failing to pay for the time it requires New Jersey Warehouse Workers to be at their place of work.

## CLASS ALLEGATIONS

21. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of every hourly non-exempt employee who, during any week during the six years preceding the filing of the instant Complaint, was employed by Defendant at

a New Jersey Warehouse (including a distribution hub, facility, fulfillment center, or other warehouse location), and was paid for 40 or more hours of work.

22. Class action treatment of Plaintiff's NJWHL claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

23. The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

24. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

25. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

26. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

27. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Defendant is an employer covered by the NJWHL.

30. Plaintiff and the class members are employees entitled to the NJWHL's protections.

31. Employees covered by the NJWHL shall be paid for "all hours worked" in a workweek. N.J. Admin. Code § 12:56-5.1. Such compensable time includes, *inter alia*, "[a]ll the time the employee is required to be at his or her place of work or on duty." N.J. Admin. Code § 12:56-5.2.

32. The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J. Stat. § 34:11-56a4.

33. The NJWHL also provides that, in an action to recover wages owed under the NJWHL, employees may recover the amount of wages owed plus liquidated damages in the amount of 200% of the unpaid wages owed plus costs and reasonable attorney's fees as determined by the court. N.J.S.A. § 34:11-56a25.

34. Defendant has violated the NJWHL by failing to pay Plaintiff and other class members statutory overtime compensation for time associated with the Mandatory Procedures in weeks when they worked 40 or more hours per week.[1]

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief:

a. Certify a class pursuant to Rule 23 and appoint Plaintiff and his counsel to represent a class of New Jersey Warehouse Workers who have worked in New Jersey;

---

[1] *See, e.g., Vaccaro v. Amazon.com, LLC*, No. CV 18-11852 (FLW), 2020 WL 3496973 (D.N.J. June 29, 2020).

 b. Award all overtime wages owed;

 c. Award all costs and attorney's fees incurred prosecuting these claims;

 d. Award liquidated damages;

 e. Award interest and costs;

 f. Such other relief as the Court may deem just and appropriate.

Date:  August 17, 2023       Respectfully submitted,

                *Krysten L. Connon*
                _____

                Sarah R. Schalman-Bergen (*pro hac vice forthcoming*)
                Krysten L. Connon (NJSB # 016732012)
                Lichten & Liss-Riordan, P.C.
                729 Boylston St., Suite 2000
                Boston, MA 02116
                Tel.: (617) 994-5800
                ssb@llrlaw.com
                kconnon@llrlaw.com

                Ryan Allen Hancock (*pro hac vice forthcoming*)
                Willig, Williams & Davidson
                1845 Walnut Street, 24th Floor
                Philadelphia, PA 19103
                Tel.: 215.656.3679
                rhancock@wwdlaw.com

                Peter Winebrake (*pro hac vice forthcoming*)
                Deirdre Aaron (*pro hac vice forthcoming*)
                Winebrake & Santillo, LLC
                715 Twining Road, Suite 211
                Dresher, PA 19025
                Tel: (215) 884-2491
                pwinebrake@winebrakelaw.com
                daaron@winebrakelaw.com

                *Attorneys for Plaintiff and the Proposed Class*